CELIA L. McGUINNESS, ESQ. (SBN 159420)
STEVEN L. DERBY (SBN 148372)
DERBY, McGUINNESS & GOLDSMITH, LLP
1999 Harrison Street, Suite 1800
Oakland, CA 94612
Telephone: (510) 987-8778
Facsimile:  (510) 359-4414
Email: info@dmglawfirm.com

Attorney for Plaintiff
ERIC MOOSE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MOOSE<br><br>    Plaintiff,<br><br>v.<br><br>JACKIE LEE BOSTER dba JACK'S PUB & GRILL<br><br>    Defendant. | CASE NO.<br><br>Civil Rights<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>1. **Violation of the Americans with Disabilities Act Title III [42 U.S.C. §§ 12182 (a), *et seq.*]**<br><br>2. **Violation of the Unruh Civil Rights Act [Cal. Civil Code §51]**<br><br>3. **Violation of the Disabled Persons Act [Cal. Civil Code §§ 54 And 54.1]**<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1.      Plaintiff ERIC MOOSE is Disabled American Veteran with physical injuries that affect his mobility and service-related Post Traumatic Stress Disorder. To maintain his independence, Plaintiff uses a service animal named "Lynn" who was trained and certified as a service animal by Canine Companions for Independence in Santa Rosa, California.

2.      January 31, 2020, Plaintiff planned to attend a memorial service for a close friend who died tragically in an auto accident. The event took place at Jack's Pub & Grill in Suisun City,

California owned by Defendant (the Pub).

3. When Plaintiff arrived with his service dog, Defendant told him to leave. Defendant refused to listen to Plaintiff's attempts to explain his need for a service animal and that excluding him was against the law. Despite Plaintiff's attempts to explain his need for a service animal, the owner refused to allow him into the Pub to attend the event. As a result, an already sad and somber event for Plaintiff was made even worse.

4. This Complaint is brought as the result of Defendant's intentional violation of the anti-discrimination provisions of the Americans With Disabilities Act, the California Unruh Act, the Disabled Persons Act, and the California Penal Code. As a result of Defendant's illegal acts, Plaintiff suffered denial of his civil rights and emotional injuries. He seeks an injunction to enjoin Defendant and this business establishment to end its discriminatory policy and practices so that Plaintiff will not continue to face discrimination on foreseeable future visits to the Pub as well as compensatory and statutory damages, attorneys fees, costs and litigation expenses.

**JURISDICTION**

5. This Court has original jurisdiction of this action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§12101 *et seq*. (the "ADA").

6. This court has supplemental jurisdiction over the State law claims alleged in this Complaint pursuant to 28 U.S.C. §1367(a). All the claims derive from a common nucleus of operative facts and arose out of the same transactions. The State law claims are so related to the federal action that they form part of the same case or controversy and the actions would ordinarily be expected to be tried in one judicial proceeding.

**VENUE**

7. Venue in the Judicial District of the United States District Court for the Eastern District of California is in accordance with 28 U.S.C. §1391(b) because Plaintiff's claims arose within this Judicial District and the property that is the subject of this action is located in this District in Suisun City, Solano County, California.

## THE PARTIES

8. At all times herein relevant, Plaintiff is a person with a disability as defined in 42 U.S.C. § 12102 and California Government Code § 12926(l).  His service-related disabilities substantially limit major life activities such as public interaction, walking and communication.

9. Lynn is Plaintiff's service dog.  She is individually trained to perform the tasks such as picking up dropped things, anxiety interruption, blocking and grounding so he can go out and interact in public places like the Pub.

10. Defendant is an individual who owns and operates the Pub under a fictitious business name.

## STATEMENT OF FACTS

11. Plaintiff lives in nearby American Canyon, California. After Plaintiff's close friend Justin died tragically in an automobile accident, some of Justin's family and friends organized a memorial service called "Celebrating Justin" and chose the Pub as the location for the event.

12. On January 31, 2020, Plaintiff and Lynn showed up for the event and attempted to enter the Pub. Plaintiff was immediately met by the owner and told to leave his "dog" outside.

13. Plaintiff explained that Lynn was a service animal and excluding her would not only be wrong but a violation of the law.

14. The owner said he did not care and that he could not let a "dog" into the Pub or everyone would bring their dogs and it would be "chaos."

15. Plaintiff showed the owner a card he received from Canine Companions for Independence (where Lynn was trained) and a copy of the ADA laws protecting service animals. The owner refused to let Plaintiff in with his "dog."

16. As a result of Defendant's conduct, Plaintiff was embarrassed and made a spectacle and an already sad and somber event was made even worse and Plaintiff was excluded from his close friend's memorial service – a chance he will never have again to say "good bye."

17. The Pub is a popular local establishment and Plaintiff would like to return but

because of his service animal he is understandably deterred from doing so for fear of a repeat of the previous experience.

**FIRST CAUSE OF ACTION:
DISCRIMINATION IN VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITES ACT OF 1990**

18. Plaintiff repleads and incorporates the preceding paragraphs by reference as if fully set forth herein.

19. In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous. . .." On information and belief, in 2019 more than 54 million persons are entitled to ADA protection.

20. Congress stated as its purpose in passing the Americans With Disabilities Act (42 USC § 12101(b)):

> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

21. The Americans With Disabilities Act prohibits discrimination by public accommodations. It states, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 USC § 12182(a).

22. "Public accommodations" include a "Pub, bar or other establishment serving food and drink." 42 USC §12181(7)(B). Therefore, Defendant is the owner and operator of a public accommodation subject to Title III of the ADA.

23. The ADA defines a person with a disability as someone with "a physical or mental impairment that substantially limits one or more major activities of such individual." 42 U.S.C. §12102. Under this standard, Plaintiff is a person with disabilities.

24. The specific prohibitions against discrimination include:

**(i)** <u>Denial of participation</u>
It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

**(ii)** <u>Participation in unequal benefit</u>
It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals.

**(iii)** <u>Separate benefit</u>
It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others.

42 U.S.C. § 12182(b)(2)(A)(i)-(iii).  More specifically, a place of public accommodation "*shall* modify [its] policies, practices, or procedures to permit the use of service animals to persons with a disability." 28 C.F.R. § 36.302(c)(1) (emph. added).

25. A "service animal" is defined as: "any guide dog, signal dog, or other animal individually trained to do work or perform tasks for the benefit of an individual with a disability, including, but not limited to, guiding individuals with impaired vision, alerting individuals with impaired hearing to intruders or sounds, providing minimal protection or rescue work, pulling a wheelchair, or fetching dropped items."  28 C.F.R. § 36.104.   Lynn is a dog individually trained to perform tasks including allowing Plaintiff to interact in public more comfortably and with less anxiety by providing blocking, grounding and anxiety interruption.

26. As of January 31, 2020, and thereafter, Defendant continues to deny full and equal access to Plaintiff and to discriminate against him on the basis of his disability, wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Defendants' premises. 42 USC § 12182; 28 CFR §36.104, § 36.301.

27. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered humiliation, hardship, anxiety, indignity, and significant mental and emotional anguish.

28. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC § 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans With Disabilities Act.  The acts and omissions of Defendant as complained of herein are continuing on a day by day basis to have the effect of willfully and wrongfully excluding Plaintiff and any other members of the public who are similarly disabled and/or who require the assistance of a service dog from full and equal access to that public business establishment.  The actions of Defendant excluding plaintiff's service dog are an expression of policy.  Such acts and omissions are the cause of fear, intimidation, humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as a second-class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities.

29. Plaintiff wishes to return to and patronize this public accommodation. However, he is unable, so long as such acts and omissions of Defendant continues, to achieve equal access to and use of this business establishment. The acts of Defendant have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

30. Plaintiff intends to return to this public accommodation but cannot enjoy full and equal access to the goods, services, facilities, privileges, advantages, or accommodations of the facility until Defendant is compelled to cease its discriminatory practices.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF THE UNRUH ACT**

31. Plaintiff repleads and incorporates the preceding paragraphs by reference as if fully set forth herein.

32. At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code § 51(b) provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

56. Furthermore, a violation of the Americans With Disabilities Act of 1990 also constitutes a violation of the Unruh Act. Civ.C. §51(f).

57. Plaintiff is at all relevant times a person with a disability and/or medical condition within the meaning of the Unruh Act. Gov't.C. § 12926.

58. At all relevant times Plaintiff's service dog was individually trained to do work or perform tasks for the benefit of Plaintiff. The work or tasks performed were directly related to his disability.

59. The Pub is a business establishment within the meaning of the Unruh Act. Defendant is the owner and/or operator of the business establishment.

60. By virtue of the acts and omissions alleged herein, Defendant has discriminated against Plaintiff in violation of the Unruh Act.

61. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered humiliation, hardship, anxiety, indignity, and significant mental and emotional anguish.

62. Plaintiff is entitled to declaratory and injunctive relief, as well as up to three times their actual damages but no less than $4,000 per violation, and reasonable attorneys' fees and costs. Civ.C. § 52(a).

63. Defendant's behavior was intentional with full knowledge that Plaintiff relies on his service animal for assistance to live in the world.  Plaintiff expressly requested that he be allowed to move freely in the Pub with his service animal. Defendant deliberately and after mature consideration violated the civil and criminal law with deliberate disregard for Plaintiff's civil rights.

64. The acts and omissions of Defendant as complained of herein are continuing on a day-by-day basis to have the effect of willfully and wrongfully excluding Plaintiff and any other members of the public who are similarly disabled and/or who require the assistance of a service dog from full and equal access to that public business establishment.  The actions of Defendant in excluding plaintiff's service dog are an expression of the policy. Such acts and omissions are the cause of fear, intimidation, humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as second-class citizens and serve to discriminate against them on the sole basis that he is a person with disabilities.

**65.** Plaintiff wishes to return to and patronize this business establishment.  However, he is unable, so long as such acts and omissions of Defendant continue, to achieve equal access to and use of this business establishment.

### THIRD CAUSE OF ACTION:
### VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT

66. Plaintiff repleads and incorporates the preceding paragraphs by reference as if fully set forth herein.

67. The Disabled Persons Act grants to disabled persons "the full and free use of the . . . public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public

facilities, and other public places." Civil Code § 54. Furthermore, "Individuals with disabilities shall be entitled to full and equal access. . . to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices. . ..." *Id.* at § 54.1(a)(1).

68. Civil Code § 54.2(a) specifically protects the right of "every individual with a disability" "to be accompanied by a guide dog, signal dog, or service dog, especially trained for the purpose, in any of the places specified in Section 54.1."

69. Further, any violation of the Americans With Disabilities Act (as pled in the First Cause of Action) also constitute a violation of Civil Code §§ 54(c) and § 54.1(d).

70. Plaintiff is a person with a disability within the meaning of the statute. Gov't.C. § 12926.

71. Plaintiff has been directly discriminated against.

72. As a result of the denial of equal access to the facilities of Defendant's business, Plaintiff has suffered violation of his civil rights and suffered discomfort and injury, mental and emotional shock, emotional distress, embarrassment and humiliation due to Defendants' actions and omissions.

73. Civil Code § 54.3(b) makes violators liable for damages and attorney fees. "Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2." This section also specifies, "'Interfere,' for purposes of this section, includes, but is not limited to, preventing or causing the prevention of a guide dog, signal dog, or service dog from carrying out its functions in assisting a disabled person."

74. Plaintiff does not seek injunctive relief under Civil Code section 55.

75. At all times relevant to this complaint Defendant was aware and/or were made aware of their duties under the Americans With Disabilities Act and California law to refrain from establishing discriminatory policies against physically disabled persons. Defendant's establishment of a discriminatory policy to deny entry to persons with service dogs, and implementation of such a discriminatory policy against Plaintiff was intentional. It indicates

actual and implied malice toward Plaintiff and conduct carried out by Defendant with a conscious disregard for the rights and safety of the disabled plaintiffs, and justify an award of treble damages pursuant to Civil Code § 54.3, in an amount sufficient to make an example of Defendant, according to proof.

76.    Defendants' actions were knowingly illegal and in violation of the Penal Code.  At all times relevant to this action, California Penal Code section 365.5(b) stated:

> (b) No blind person, deaf person, or disabled person and his or her specially trained guide dog, signal dog, or service dog shall be denied admittance to accommodations, advantages, facilities places of public accommodation, amusement, or resort, and other places to which the general public is invited within this state because of that guide dog, signal dog, or service dog.

(Emphasis added.)   Defendants' commission of a crime, of which Plaintiff was the victim, is an additional basis for imposition of treble damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray this Court:

1)    For injunctive relief ordering Defendant to comply immediately with federal and state law regarding service animals;

2)    For the Court to retain jurisdiction over Defendant until such time as the Court is satisfied that its unlawful policies, practices, acts and omissions no longer occur, and cannot recur;

3)    For general, compensatory and statutory damages in an amount within the jurisdiction of this Court;

4)    For treble damages;

6)    For attorney fees and costs pursuant to the ADA, California Civil Code sections 52 and 54.3 and California Code of Civil Procedure § 1021.5 (Plaintiff does not seek injunctive relief under Civil Code section 55);

7)    For all costs of suit;

8)    For pre-judgment interest pursuant to California Civil Code § 3291;

9) For such other and further relief as the Court may deem just and proper.

Date:  November 4, 2020                    DERBY, McGUINNESS & GOLDSMITH, LLP

*/s/Steven L. Derby*
By:     STEVEN L. DERBY, ESQ.
Attorneys for Plaintiff
ERIC MOOSE

**DEMAND FOR JURY**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Date: November 4, 2020                    DERBY, McGUINNESS & GOLDSMITH, LLP

*/s/ Steven L. Derby*
By:     STEVEN L. DERBY
Attorneys for Plaintiff
ERIC MOOSE